3

BARRY H. SPITZER, State Bar #161525
LAW OFFICE OF BARRY H. SPITZER
980 9th Street, Suite 380
Sacramento, California 95814

Telephone: (916) 442-9002
Facsimile: (916) 442-9003

Attorneys for Chapter 7 Trustee
Douglas M. Whatley

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:                                                              CASE NO. 13-23439-D-7

JUST KESTER WILLIS and                            D.C. NO. BHS-2
VICKIE LYNN WILLIS,
                                                                    **TRUSTEE'S MOTION FOR
                                                                    TURNOVER OF PROPERTY
                                Debtors.              TO THE ESTATE**

DATE: March 5, 2014
TIME: 10:00 a.m.
DEPT: D; COURTROOM 34
Hon. Robert S. Bardwil

Douglas M. Whatley, the Chapter 7 Trustee (hereinafter referred to as either "Mr. Whatley" or "Trustee") hereby moves this Court for an order requiring Debtors Just Kester Willis and Vickie Lynn Willis (hereinafter referred to as "Debtors") to turnover to the Trustee non-exempt assets which are property of the Estate.

In support of his motion, the Trustee represents, as follows:

1.    This Chapter 7 case was commenced on March 14, 2013 and the Trustee was appointed that day.

2.    The Debtors received their discharge on July 1, 2013.

3.    The Debtors sold real property and received funds in the amount of $63,973.91 from the sale of the real property on or about July 16, 2012. The funds were deposited into the Debtors business checking account, although not disclosed on their Schedules, including the amended schedules filed September 30, 2013, docket no. 33.

1

The Debtors provided an accounting to the Trustee of the use of the funds and the approximate date of the use.  See Exhibit "A" to the declaration of Douglas M. Whatley.  The funds disbursed post-petition by the Debtors total $13,539.48.  In addition, the Debtors owe the estate $9,983.00 from an income tax refund from 2012.  The Debtors received $6,783.00 of the refund and applied $3,200.00 to their 2013 income taxes.  Finally, there is non-exempt equity in the following:

| Item | Claimed value/nonexempt |
|---|---|
| a.   Cash on hand | $      30.00 |
| b.   Various bank accounts | $     932.23 |
| c.   Security deposit | $     530.00 |
| d.   1984 Elkem Motor home | $     600.00 |
| e.   2000 Chrysler Town & Country | $  5,150.00 |
| f.   1970 Valco S14 boat | $     150.00 |
| g.   1998 CMT Trailer | $     300.00 |
| h.   1990 Achilles boat | $  2,500.00 |
| TOTAL | $10,192.23 |

4.      The Debtors sold the 1985 Chevrolet Corvette post-petition without notifying the Trustee nor obtaining Court permission to do so.

5.      Despite demands by the Trustee, the Debtors have not turned over to the Trustee the $25,014.71 ($13,539.48 + $9,983.00 + $30.00 + $932.23 + $530.00) and either the items listed in paragraph 3 d through h or the cash equivalent.

6.      Pursuant to 11 U.S.C. section 542, the Trustee is entitled to turnover of all property of the Estate from the Debtors.  Section 542 and FRBP 7001(1) also justify a motion to obtain an order for turnover of property of the Estate if a debtor fails and refuses to turnover an asset voluntarily.

////

///

//

WHEREFORE, the Trustee prays, for an order:

a.    Requiring the Debtors immediately turnover $25,014.71 to the Trustee;

b.    Requiring the Debtors immediately turnover their 1984 Elkem Motor home, 2000 Chrysler Town & Country, 1970 Valco S14 boat, 1998 CMT Trailer and 1990 Achilles boat to the Trustee or the cash equivalent;

c.    Such other and further relief as the Court deems proper.

DATED: February 6, 2014

LAW OFFICE OF BARRY H. SPITZER

By _____
BARRY H. SPITZER
Attorneys for Douglas M. Whatley
Chapter 7 Trustee